**UNITED STATES of America,**
**Appellee,**

v.

**Andres BELLO–MOSQUEDA,**
**Defendant–Appellant.**

**No. 05–4158–CR.**

United States Court of Appeals,
Second Circuit.

June 21, 2006.

John Burke, Brooklyn, NY, for Appellant.

Michael Farbiarz, Assistant United States Attorney (Harry Sandick, Assistant United States Attorney, of counsel), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present RALPH K. WINTER, REENA RAGGI, Circuit Judges, and KENNETH M. KARAS, District Judge.[1]

### SUMMARY ORDER

Defendant–Appellant Andres Bello–Mosqueda pleaded guilty to one count of illegal re-entry into the United States after having been deported following commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). On July 18, 2005, the district court sentenced defendant to 46 months' imprisonment, followed by a three-year term of supervised release and a $100 special assessment. On appeal, defendant challenges the reasonableness of his incarceratory sentence, arguing that the sentence is "excessively long[,] overstates the seriousness of the offense," and "violate[s] the directives of 18 U.S.C. § 3553(a)." Appellant's Br. at 9. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

We review sentences for reasonableness, *see United States v. Booker,* 543 U.S. 220, 261–62, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *United States v. Crosby,* 397 F.3d 103, 114 (2d Cir.2005), even if, as in this case, the sentence falls within the applicable advisory Sentencing Guidelines range, *see United States v. Fernandez,* 443 F.3d 19, 26 (2d Cir.2006). Reasonableness review has two components: (1) procedural reasonableness, whereby we consider such factors as whether the district court properly (a) identified the Guidelines range supported by the facts found by the court, (b) treated the Guidelines as advisory, and (c) considered the Guidelines together with the other factors outlined in 18 U.S.C. § 3553(a); and (2) substantive reasonable-

ness, whereby we consider whether the length of the sentence is reasonable in light of the factors outlined in 18 U.S.C. § 3553(a). *See United States v. Crosby,* 397 F.3d at 114–15; *accord United States v. Fernandez,* 443 F.3d at 26 (noting that reasonableness review "involves consideration not only of the sentence itself, but also of the procedure employed in arriving at the sentence").

Defendant does not appear to challenge the procedural reasonableness of his sentence, and upon review of the record we identify no such error. The district court identified the applicable Guidelines range, 46–to–57 months; explicitly acknowledged the advisory character of the Guidelines following *Booker;* and considered the § 3553(a) factors, including the advisory Guidelines range, in imposing a 46–month term of imprisonment. *See United States v. Crosby,* 397 F.3d at 115.

Defendant's principal argument is that his incarceratory sentence is substantively unreasonable given the nature of the offense, his family circumstances, and his unique talent as a dancer. Because " 'reasonableness' is inherently a concept of flexible meaning," *United States v. Crosby,* 397 F.3d at 114, our review is necessarily "deferential," *United States v. Canova,* 412 F.3d 331, 350 (2d Cir.2005); *see also United States v. Fernandez,* 443 F.3d at 27 (noting that reasonableness standard is "akin to review for abuse of discretion"). Although we have recognized that the length of a sentence within the prescribed range may "exceed the bounds of 'reasonableness,' " we have emphasized that "we anticipate encountering such circumstances infrequently." *United States v.*

1. The Honorable Kenneth M. Karas, of the United States District Court for the Southern District of New York, sitting by designation.

*Fleming,* 397 F.3d 95, 100 (2d Cir.2005). This is not one of those rare cases.

Defendant has an extensive criminal history, including seven prior convictions, the most recent of which was for robbery. Although defendant contends that certain mitigating characteristics counsel in favor of a reduced sentence, the record demonstrates that the district court considered those characteristics in deciding to impose a 46–month term of imprisonment, the low end of the Guidelines range. The district court expressly noted the nature of the offense, defendant's family circumstances, and his talent as a dancer, but ultimately concluded that defendant's extensive criminal record and his history of drug abuse warranted a Guidelines sentence. We will not substitute our judgment for that of the district court in assessing the weight various factors deserve where, as here, the sentence ultimately imposed is reasonable in light of the totality of the circumstances. *See United States v. Florez,* 447 F.3d 145, 157–58 (2d Cir.2006).

In sum, we are satisfied that the district court considered the factors outlined in 18 U.S.C. § 3553(a) and that the 46–month sentence imposed "was well within the broad range of sentences that the District Court could have imposed in the circumstances presented." *United States v. Fernandez,* 443 F.3d at 34.

The judgment of conviction, entered on July 25, 2005, is hereby AFFIRMED.